USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 03/13/2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
IN-CITY ENTERPRISES, INC.,                                              :
:
Plaintiff,                                    :    13 Civ. 3792 (JMF)
:
-v-                                           :    MEMORANDUM OPINION
:                AND ORDER
LOCAL UNION 580 OF THE INTERNATIONAL                                    :
ASSOCIATION OF BRIDGE, STRUCTURAL,                                      :
ORNAMENTAL, AND REINFORCING IRON                                        :
WORKERS, AFL-CIO et al.,                                                :
:
Defendants.                                   :
:
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

Plaintiff, a New York corporation specializing in the installation of steel fencing, brings this action to stay arbitration of a dispute with Defendants, Local Union 580 of the International Association of Bridge, Structural, Ornamental, and Reinforcing Iron Workers (the "Union") and the Trustees of Local 580 of the International Association of Bridge, Structural, Ornamental, and Reinforcing Iron Workers Employee Benefit Funds (together with the Union, the "Funds"). Plaintiff also seeks a declaratory judgment that the dispute is not arbitrable. The parties have cross-moved for summary judgment. For the reasons discussed below, Plaintiff's motion is DENIED, the Funds' motion is GRANTED, and the case is dismissed.

## BACKGROUND

The facts relevant to the instant motion are undisputed. In May 2011, Plaintiff won a subcontract to install steel fencing at the Ridgewood Reservoir in Queens. (Compl. (Docket No. 1) ¶ 7). In December 2011, Plaintiff contacted the Union for purposes of entering a contract to perform the work. (Pl.'s Mem. L. Supp. Pl.'s Mot. Summ. J. (Docket No. 18) ("Pl.'s Mem.") 1).

By January 2012, Plaintiff and the Union had agreed to the following, two-paragraph jobsite agreement (the "Ridgewood Agreement"), reproduced in full for ease of reference:

JOBSITE AGREEMENT

It is hereby agreed by and between Ironworkers Local 580 and In-City Enterprises, Inc., that the aforesaid cont[r]act hereby recognized Ironworkers Local 580 as representative on the following jobsite:

Ridgewood Reservoir in Highland Park
Contract No. Q020-109M

and agrees to be bound by and honor the Ironworkers Local 580 of New York Collective Bargaining Agreement including, without limitation, the payment of wage and fringe benefit contributions contained therein for the duration of the time work is performed at the abovementioned jobsite.

Local 580 and In-City Enterprises, Inc. agree herein that this agreement is given in consideration of the limited work activity of the employer in Local 580's work jurisdiction, that this jobsite agreement is given on a one time only basis, and that <u>any work performed in the jurisdiction of Local 580 *inside* of the above referenced jobsite</u> subjects this employer to the Local 580 Collective Bargaining Agreement in effect this date.

(Compl. ¶ 8 (italics and underlining added); *see also* Pl.'s Mem. 2-3). Plaintiff began work at the Ridgewood Reservoir in July 2012, employing two of the Union's members, and expected to complete the project in June 2013. (Compl. ¶ 11).

In April 2013, the Funds' auditor contacted Plaintiff for purposes of reviewing the company's contributions to the Funds' benefit funds, as required by the Local 580 Collective Bargaining Agreement ("CBA"). (*Id.* at 4). Most relevant here, the Funds' auditor requested access to Plaintiff's books and records pertaining not only to the Ridgewood jobsite, but also to all of Plaintiff's work dating back to January 1, 2010. (Aff. Lionel Williams, President of In-City Enterprises, Inc. ("Williams Aff."), Ex. D (Letter from Joseph M. Stern, C.P.A., to In-City Enterprises, Inc., Apr. 15, 2013) (listing "Certified Payroll Reports," "Quarterly Federal & State

Returns," "Receipts, Disbursements, and Purchase Journals," and the "General Ledger," among others, as the records needed for the audit)). Citing the Ridgewood Agreement, Plaintiff provided access only to records relating to work at the Ridgewood Reservoir, and the auditor reported that he was unable to complete the audit. (Williams Aff., Ex. E (Letter from Susan Mele, In-City Office Manager, to Joseph M. Stern); *see also* Pl.'s Mem. 4).

Thereafter, the Funds served Plaintiff with a Notice of Intent to Arbitrate pursuant to the CBA, Section XXII of which provides that "[a]ny grievance, complaint, or dispute between the Union and the Employer arising out of this Agreement, or as to the meaning, interpretation, application or alleged violation of any provision or provisions of this Agreement shall be handled" first by designees of the parties and, upon their failure to resolve the dispute, by an impartial arbitrator. (Compl. ¶ 16; Williams Aff., Ex. I, at 28-29). Plaintiff then filed this action to stay the arbitration. (Docket No. 1).[1]

## DISCUSSION

Summary judgment is warranted when the admissible evidence and the pleadings demonstrate "no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). When deciding a motion for summary judgment, a court must "constru[e] the evidence in the light most favorable to the nonmoving party and draw[] all reasonable inferences in that party's favor." *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 358 (2d Cir. 2011). In the context of a contract dispute, a court may grant summary judgment "only when the contractual language on which the moving party's case rests is found to be wholly unambiguous and to convey a definite meaning." *Topps Co., Inc. v. Cadbury Stani*

---

[1] In conjunction with filing its Complaint, Plaintiff applied for an Order to Show Cause why the arbitration should not be enjoined. (Docket No. 2). That application was mooted by Defendants' subsequent agreement "to adjourn the arbitration during the pendency of this proceeding." (Docket No. 4).

3

*S.A.I.C.*, 526 F.3d 63, 68 (2d Cir. 2008).  A court will determine that a contract is ambiguous if its language is "capable of more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context of the entire integrated agreement." *Sayers v. Rochester Tel. Corp. Supplemental Mgmt. Pension Plan*, 7 F.3d 1091, 1095 (2d Cir. 1993) (internal quotation marks omitted).

In this case, the parties' disagreement turns solely on the language of the Ridgewood Agreement.  Citing the word "inside" in the final paragraph of the Agreement (underlined and italicized above), Plaintiff contends that the CBA applies only to work performed by the Union at Ridgewood Reservoir, not to work performed elsewhere, and that the dispute is therefore not within the scope of the CBA's arbitration clause.  (Pl.'s Mem. 6, 10-11).  By contrast, the Funds argue that, pursuant to the plain language of the Ridgewood Agreement, because the Union performed work "inside" the Ridgewood Reservoir jobsite, Plaintiff bound itself to the CBA, including its arbitration provision for all work within Local 580's jurisdiction.  (Defs.' Mem. Law Supp. Def.'s Cross-Mot. Summ. J ("Def.'s Mem.") (Docket No. 22) 5-6).  Significantly, the parties agree that there are no disputes of material fact and that the Ridgewood Agreement is unambiguous.  (*See* Tr. Order To Show Cause Hr'g 4-5; Pl.'s Mem. 7; Def.'s Mem. 8).  Additionally, there is no disagreement that, if the Funds' interpretation of the Ridgewood Agreement is correct, the underlying dispute would fall within the scope of the CBA's arbitration clause.  In other words, the sole questions for purposes of these motions are whether the contract language is unambiguous and, if so, whose interpretation of that language is correct.

After a careful review of the record and the parties' submissions, the Court concludes that the plain language of the Ridgewood Agreement provides for the resolution of the parties' dispute through arbitration.  That is, the contract's terms are unambiguous and consistent with

4

the Funds' interpretation.  Contrary to Plaintiff's argument, the agreement establishes (in the underlined text above) a condition precedent that, once met, subjects Plaintiff to the terms of the CBA.  That is, once Plaintiff satisfied the condition precedent — by performing "work . . . in the jurisdiction of Local 580 inside of the above referenced jobsite" — the company became "subject[] . . . to the Local 580 Collective Bargaining Agreement in effect this date."  As there is no dispute that Plaintiff performed work "in the jurisdiction of Local 580 inside" the Ridgewood Reservoir, it follows that the CBA applies and that the dispute is therefore subject to arbitration.[2]

Plaintiff's arguments to the contrary are unpersuasive.  First, Plaintiff relies on the drafting history of the Jobsite Agreement, contending that the parties agreed orally that the contract would be limited to work performed at the Ridgewood jobsite and that the word "outside" was changed to "inside" to reflect that intent.  (Pl.'s Mem. at 1-3).  But under New York law, which governs the contract in this case, it is well established that "[e]xtrinsic evidence cannot be used to vary the terms of a facially unambiguous contract."  *HOP Energy, L.L.C. v. Local 553 Pension Fund*, 678 F.3d 158, 162 (2d Cir. 2012); *accord Consol. Edison, Inc. v. Ne. Utils.*, 426 F.3d 524, 527 (2d Cir. 2005) ("'Where the contract is clear and unambiguous on its face, the courts must determine the intent of the parties from within the four corners of the instrument.'" (quoting *Meccico v. Meccico*, 76 N.Y.2d 822, 824 (1990))).

Second, Plaintiff relies on *Inter County Glass, Inc. v. Trustees of Local Union 580 of the International Association of Bridge, Structural, and Ornamental Iron Workers Employee Benefit Funds*, No. CV 04-3579 (WDW), 2007 WL 2908094 (E.D.N.Y. Sept. 28, 2007), in which the Court — interpreting a jobsite agreement that was identical to the one in this case except for its

---

[2]  That is not to say that the Funds are entitled to audit Plaintiffs' books with respect to other jobsites or that Plaintiff was required to contribute to the Funds with respect to that other work.  Those are questions for the arbitrator to decide.  The Court merely holds that, under the plain language of the Ridgewood Agreement (and the CBA's arbitration clause), the dispute between the parties over the scope of the audit and any contributions is subject to arbitration.

use of the word "outside" in place of "inside" — held that the plaintiff company subjected itself to the CBA's arbitration clause by performing work "within the union's jurisdiction beyond [the listed] Jobsites." *Id.* at \*4.  Far from supporting Plaintiff, however, *Inter County Glass* supports the conclusion reached by the Court here, as it stands for the proposition that if the condition precedent of the relevant jobsite agreement is met, the CBA applies and calls for arbitration.  The difference between *Inter County Glass* and this case lies only in what the condition precedent for applicability of the CBA was: there, it was work "outside" of the relevant jobsite, while here it was work "inside" the relevant jobsite.  The relevant condition having been met here, as there, the company was bound to the CBA.  *See id.*[3]

## CONCLUSION

For the reasons stated above, Plaintiff's motion for summary judgment is DENIED, the Funds' motion for summary judgment is GRANTED, and the complaint is dismissed.  The parties shall resolve their underlying dispute before the arbitrator consistent with the CBA.  The Clerk of Court is directed to terminate Docket Nos. 16 and 19 and to close this case.

SO ORDERED.

Dated: March 12, 2014
       New York, New York

_____
JESSE M. FURMAN
United States District Judge

---

[3] As additional support for its holding, the *Inter County Glass* Court noted that the plaintiff company had manifested its intent to be bound by the CBA in other ways as well.  *See id.* at \*4-5.  Here, there is no need to address that question.  As noted, Plaintiff does not contest that, if the Funds' interpretation of the Ridgewood Agreement is correct, the underlying dispute would fall within the scope of the CBA's arbitration clause